MILNOR FAST SERVICE LAUNDRY AND CLEANING, INC. *v.* KRAFT

No. 41015            February 2, 1959            108 So. 2d 564

*P. D. Greaves,* Gulfport; *Frank J. Hammond,* Moss Point, for appellant.

*Merle F. Palmer,* Pascagoula, for appellee.

ETHRIDGE, J.

Appellee June Kraft, by her father and mother as next friends, brought this suit in the Circuit Court of Jackson County for damages resulting from personal injuries received by her in a collision between a car driven by appellee and a truck of the appellant laundry. There was a judgment and verdict for plaintiff in the trial court for $10,000.

The principal assignment of error is that the verdict is so excessive as to show bias and prejudice on the part of the jury. The driver of appellant's truck drove through a stop sign at an intersection, at a speed in excess of the maximum permitted in that area, and without keeping a proper lookout. As the result of these acts of negligence, the laundry truck ran into the left rear fender of the car of Miss Kraft, who was then 16 years of age. She was driving on the right side of the road and exercising due care. In other words, the jury manifestly found that the negligence of appellant's driver was the sole proximate cause of appellee's injuries. Only compensatory damages are involved.

In abbreviated form, the medical testimony warranted a finding that appellee suffered a whiplash injury of the cervical spine, resulting in an incomplete tear of the ligaments holding the cervical vertebrae together. The case was tried over a year after the collision. During that period she had 20 percent disability, and has a probable permanent disability of 10 percent to her neck and cervical spine. She has had continuing pain and discomfort in her neck and back since the accident. It is constant, has made her extremely nervous, and has affected her sleeping and eating. Knots appear and disappear on her neck at frequent intervals. The spinal damage constitutes a moderately severe injury to her neck and will

probably be permanent. In the light of this and other testimony with reference to the severity of the neck injury, its probable permanent character, and the pain and suffering appellee has suffered, we certainly cannot say that the verdict of the jury is grossly excessive. We find no error in the instructions.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.